FILED

MAR 4 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. JEFFERSON, | No. 12-17843 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03008-GEB-CKD |
| v. | |
| A. PEREZ; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner James L. Jefferson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and Eighth

Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the dismissal of an action for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly dismissed Jefferson's action because Jefferson failed to exhaust his administrative remedies as to the conduct underlying his claims in this action, and failed to establish either that administrative remedies were unavailable or that he was otherwise excused from exhausting. *See id*. at 821-24 (describing standard for proper exhaustion as a prerequisite to an inmate's civil rights action; discussing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused; and explaining that, for proper exhaustion, an inmate's grievance must provide enough information to alert the prison to the nature of the wrong for which redress is sought).

Because we affirm the dismissal of Jefferson's action for failure to exhaust, we do not consider Jefferson's arguments concerning the alleged merits of his underlying claims.

Jefferson's second and third opening briefs, received on May 8 and May 30, 2013, are treated as supplemental briefs, and, along with the opening brief filed on March 28, 2013, will be considered as one complete opening brief. Accordingly, the Clerk is directed to file the second and third opening briefs.

**AFFIRMED.**